IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU and MIKHAIL BORISOVICH FEDOTOV, <br><br> Defendants. | Civil No. 18-cv-00415 <br><br> ORDER APPOINTING RECEIVER |

## ORDER APPOINTING RECEIVER

The Motion for Appointment of a Receiver (the "Motion") was considered on this date, _____ \_\_\_, 2018, at \_\_:00 \_.m. by this Court, the Honorable _____, United States Magistrate Judge presiding. Johnathan C. Bolton, Esq. appeared for Plaintiff NEXTGEAR CAPITAL, INC. _____, Esq. appeared for Defendants ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU ("Envy") and MIKHAIL BORISOVICH FEDOTOV ("Fedotov" and together with Envy, the "Defendants").

The Court having considered the Motion, and based upon the Memorandum in Support of Motion, the Declaration of Ryan Hawley and the exhibits attached thereto, and good cause appearing therefor,

IT IS HEREBY ORDERED that David C. Farmer be appointed as Receiver of ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU ("Envy"), for the purposes of preservation and protection of Plaintiff's collateral, including, but not limited to, control of all proceeds of the collateral in the possession, custody or control of Envy and taking possession and control of the business records of Envy relating to Plaintiff's collateral.

IT IS FURTHER ORDERED THAT:

1. David C. Farmer (the "Receiver") prior to entry upon the duties described herein, take an oath to faithfully perform the duties of a receiver and to observe all of the instructions of this Court.

2. The Receiver is authorized, empowered, and directed:

(a) To review, observe, discover and make notes regarding all collateral presently in the possession of Envy, including all proceeds from sales of the collateral in financial depositary institutions;

(b) To retain and employ such attorneys, accountants or other professionals to assist, advise, and represent the Receiver in the performance of his

duties and responsibilities as the Court may approve upon written application of the Receiver;

 (c) To be the sole signatory on all bank accounts of Envy containing proceeds from the sale of the Collateral;

 (d) To bring such proceedings as are necessary to enforce the provisions hereof;

 (e) To make such payments and disbursements from Envy to Plaintiff as may be necessary and advisable in the discharging of his duties as Receiver;

 (f) To preserve and protect the collateral;

 (g) To institute, prosecute, defend, compromise, intervene, and become a party either in his own name or in the name of Envy to such suits, actions, or proceedings as may be necessary for the protection, maintenance, recoupment or preservation of the collateral, with prior court approval; and

 3. The Receiver is hereby vested with, and is authorized, directed, and empowered to exercise, all of the powers of Envy's Manager or persons who exercise similar powers and perform similar duties, with respect to Plaintiff's collateral, whose authority is hereby suspended. Envy's officers, agents, employees, representatives, directors, successors in interest, attorneys in fact and all persons acting in the concert or participating with them, are hereby divested of,

restrained and barred from exercising any of the powers herein vested in the Receiver.

   4. Any local, state or federal law enforcement and regulatory agency having jurisdiction over matters relating to Envy's business shall be entitled to review, without exception, all reports of the Receiver and all books, records, and files on Envy in the possession of the Receiver at any time during normal business hours, and to make any abstract or copies of said documents it desires.

   5. Envy and its respective officers, directors, agents, servants, employees, successors, assigns, affiliates, and other persons or entities under their control and all persons or entities in active concert or participation with them, and each of them, shall turn over to the Receiver all records, documentation, charts and/or descriptive material, which relate, directly or indirectly, to Plaintiff's collateral.

   6. During the pendency of this receivership, except by leave of court, all parties seeking relief of any kind, in law or in equity, from Envy relating to the collateral, and all others acting on behalf of any such parties or other persons including sheriffs, marshals, servants, agents and employees are restrained from: (a) Executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a

lien upon any of the collateral; (b) Taking, retaining, retaking or attempting to retake possession of any collateral; (e) Withholding or diverting any obligation owed to Envy; (e) Doing any act or other thing whatsoever to interfere with the possession of or management by the Receiver herein.

      7. The receiver shall be paid an hourly rate of $275.00 for his services and shall be entitled to reimbursement for usual and customary expenses, including out-of-pocket expenditures on behalf of the receivership estate, which shall be paid from the funds of Envy.  The receiver and any professional hired by him shall make application to this Court on a monthly basis for payment of reasonable fees and expenses incurred by the receiver or such professional, and shall be entitled to payment of said fees and expenses on account as hereinafter provided.  Copies of such applications to the Court shall be promptly served on all attorneys of record for parties in this action, who shall have ten (10) calendar days following the filing and service of such application to file any objections thereto with the Court, and serve any such objections by facsimile and mail on the Receiver.  If no objections are filed with the Court and served within the ten (10) calendar day period, the Receiver shall thereupon draw funds from the receivership estate sufficient to pay one-hundred percent (100%) of out-of-pocket expenses and seventy-five percent (75%) of such fees, including all professional fees, and other expenses such as in office copying and facsimile charges, without further order of the Court.  If any

objections are filed, the receiver may draw funds from the receivership estate sufficient to pay any amounts as to which there is no objection, and the Court will conduct a hearing on any objections upon motion of the Receiver or the objecting party. At such hearing, the compensation of the Receiver or other professional making application, as well as allowable disbursements and expenses, will be determined by the Court, and the receiver will be directed to draw funds from the receivership estate to pay one-hundred percent (100%) and seventy-five percent (75%) respectively, of the amounts so determined by the Court. Notwithstanding such interim monthly payments of fees and expenses, all fees and expenses shall be submitted to the Court for its approval by a properly noticed request for fees, stipulation of all parties or the receiver's Final Account and Report. Upon approval of the fees and expenses of the receiver or other professional, any hold back amounts still due and owing to the receiver or other professional shall be paid from the receivership estate.

       8. The Receiver shall not be required (i) to undertake an independent review into the financial condition, other affairs and transactions of Envy nor render a report reflecting the existence and value of all assets and property subject to review, observation and/or any discovery by the Receiver of the extent of any liabilities, or (ii) to file a preliminary inventory of all property of which he shall have reviewed, observed and/or discovered.

-7-

      9.  This Court will retain jurisdiction of this action in order to implement and carry out the terms of all order and decrees that may be entered herein or to entertain any suitable application or motion by Plaintiff and/or the Receiver for additional relief or modification of any order made herein within the jurisdiction of this Court.

      DATED:  Honolulu, Hawaiʻi, _____.

                                         _____
                                         JUDGE OF THE ABOVE-ENTITLED COURT