GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHNATHAN C. BOLTON      9650-0
   jbolton@goodsill.com
CHRISTOPHER P. ST. SURE  10001-0
   cstsure@goodsill.com
DYLAN J. TASCHNER        10618-0
   dtaschner@goodsill.com
First Hawaiian Center
999 Bishop Street, Suite 1600
Honolulu, Hawai'i 96813
Telephone: (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Plaintiff
NEXTGEAR CAPITAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,<br><br>       Plaintiff,<br>vs.<br><br>ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU and MIKHAIL BORISOVICH FEDOTOV,<br><br>       Defendants. | Civil No. 1:18-cv-00415-DKW-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

7254758.2

I. **INTRODUCTION**

This action involves the breach of contract and bad faith of Defendant ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU ("Envy" or "Borrower"), in failing to make its payment obligations to Plaintiff NEXTGEAR CAPITAL, INC. ("Plaintiff" or "Lender") pursuant to a *Demand Promissory Note and Loan and Security Agreement* (the "Note & Security Agreement") and related documents.

Defendant MIKHAIL BORISOVICH FEDOTOV ("Fedotov" or "Guarantor") is a guarantor of the obligations due to Plaintiff under the Note & Security Agreement and is the Registered Agent for Envy in the State of Hawaiʻi.

Plaintiff has made diligent efforts, through its process server, to obtain personal service of Defendants through Fedotov to no avail. In order to prosecute this case, Plaintiff requests authorization to serve Defendants by certified mail pursuant to Federal Rule of Civil Procedure 4(e)(1) and Hawaii Revised Statutes § 666-8.

II. **LAW AND ARGUMENT**

Pursuant to Fed. R. Civ. P. 4 (e)(1), an individual — other than a minor or incompetent person — may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Accordingly, this Court may look to Hawaiʻi law in determining if a method of service is proper.

Section 634-24 of the Hawaii Revised Statutes provides, in relevant part:

> In any case in which, under section 634-23, provision is made for service of summons as provided by this section, personal service shall be made upon the defendant wherever found **or the defendant shall be served by registered or certified mail with request for a return receipt and marked deliver to addressee only, as ordered by the court**. A certified copy of the order, the summons and the complaint shall be served, and the service shall be evidenced by an affidavit showing that the required papers were sent by registered or certified mail as aforesaid, and by the receipt signed by the defendant and filed with the affidavit, or in the case of personal service by the return of the serving officer or the affidavit of any other person authorized to serve process in the place where the defendant is found or appointed by the court to make the service.

HRS § 634-24(emphasis added). Section 634-36 of the Hawaii Revised Statutes provides, in relevant part:

> When service of summons is provided for by section 634-33, 634-34, or 634-35, service shall be made by service upon the defendant personally by any person authorized to serve process in the place in which the defendant may be found or appointed by the court for the purpose, **or sent by certified, registered, or express mail, postage prepaid, with return receipt requested, by the plaintiff or the plaintiff's attorney to the defendant.** The plaintiff or the plaintiff's attorney shall file the return of the serving officer or an affidavit showing that the copy of summons and complaint were served as aforesaid or sent by certified, registered, or express mail as aforesaid, and in the latter case the return receipt signed by the defendant shall be filed with the affidavit. The service shall be complete upon delivery of the required papers to the defendant outside the State, personally or

3

by mail as provided.

HRS § 634-36(emphasis added).

Plaintiff's process server has attempted to personally serve Defendants through Fedotov at three (3) separate addresses: (1) 1253 S. Beretania, Unit 1253, Honolulu, Hawai'i 96814, (2) 1288 Ala Moana, Apartment 16A, Honolulu, Hawai'i 96814[1], and (3) 704 Ala Moana Blvd., Honolulu, Hawai'i 96814[2], to no avail. Accordingly, this Court is justified in permitting service of the summons and complaint by alternative methods, such as by certified mail.

Plaintiff recently made a request to the United States Postal Service ("USPS") through the Freedom of Information Act ("FOIA") for a new address for Fedotov. Plaintiff does not know how long it will take for the USPS to respond to its FOIA request.

Plaintiff therefore requests authority to serve Defendants by certified mail at 1288 Ala Moana, Apartment 16A, Honolulu, Hawai'i 96814, and any other address of Fedotov identified by the USPS in response to the FOIA request, with request for a return receipt and marked delivery to addressee only.

---

[1] This was the address given for notice purposes in the Individual Guaranty signed by Fedotov on September 4, 2015.
[2] This was the address of Envy's Volvo dealership in Honolulu, which has now been closed.

4

III. **<u>CONCLUSION</u>**

Plaintiff has diligently tried to personally serve Defendants and respectfully requests that the Court grant its motion to serve Defendants by certified mail at Fedotov's last-known residential address of 1288 Ala Moana, Apartment 16A, Honolulu, Hawai'i 96814, and any other address of Fedotov identified by the USPS in response to its FOIA request, with request for a return receipt and marked delivery to addressee only.

DATED: Honolulu, Hawai'i, December 21, 2018.

/s/ Johnathan C. Bolton
JOHNATHAN C. BOLTON
CHRISTOPHER P. ST. SURE
DYLAN J. TASCHNER

Attorneys for Plaintiff
NEXTGEAR CAPITAL, INC.