GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHNATHAN C. BOLTON     9650-0
   jbolton@goodsill.com
CHRISTOPHER P. ST. SURE  10001-0
   cstsure@goodsill.com
DYLAN J. TASCHNER        10618-0
   dtaschner@goodsill.com
First Hawaiian Center
999 Bishop Street, Suite 1600
Honolulu, Hawai'i 96813
Telephone: (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Plaintiff
NEXTGEAR CAPITAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,<br><br>          Plaintiff,<br><br>  vs.<br><br>ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU and MIKHAIL BORISOVICH FEDOTOV,<br><br>          Defendants. | Civil No. 1:18-cv-00415-DKW-RT<br><br>PLAINTIFF NEXTGEAR CAPITAL, INC.'S **RULE 16 SCHEDULING CONFERENCE STATEMENT** |

**PLAINTIFF NEXTGEAR CAPITAL, INC.'S RULE 16
SCHEDULING CONFERENCE STATEMENT**

Plaintiff NEXTGEAR CAPITAL, Inc. ("Plaintiff"), by and through its attorneys, Goodsill Anderson Quinn & Stifel, a Limited Law Liability Partnership, hereby submits its Scheduling Conference Statement pursuant to Rule 16 of the Federal Rules of Civil Procedure, and Local Rule 16.2(b) of the Rules of the United States District Court for the District of Hawaii.

## I.     NATURE OF THE CASE

Plaintiff is a floorplan lender that provides loans to automotive dealers in order to help dealers acquire and retain motor vehicle inventory for their lots. From 2015 to 2017, Plaintiff made inventory-specific loans so Defendant ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU ("Envy" or "Borrower") could purchase new vehicles from its original equipment manufacturer, Volvo Car USA LLC ("Volvo").

Plaintiff holds a first-priority, perfected security interest in substantially all assets of Envy, including all of the motor vehicle inventory, equipment, parts, and general intangibles. Envy was contractually required to repay NextGear, in its entirety, any loan advance made for a specific vehicle upon the earlier of the following: (a) Envy receiving proceeds from the sale of the vehicle; or (b)(1) in the case of a new vehicle, 364 days from flooring, or (ii) in the case of used vehicle, 150 days from flooring. Fedotov, as the sole member of

2

Envy, is liable for the entire indebtedness due and owing to NextGear pursuant to an individual guarantee.

Plaintiff alleges that Defendant, among other things, defaulted under its payment obligations to Plaintiff NEXTGEAR CAPITAL, INC. ("Plaintiff" or "Lender") pursuant to a *Demand Promissory Note and Loan and Security Agreement* (the "Note & Security Agreement") and related documents.  In addition, Plaintiff alleges that Envy provided Plaintiff with fraudulent rental agreements to conceal inventory that has been sold "out of trust."  Plaintiff calculates that Envy owes Plaintiff the sum of approximately $3,977,273.50 plus interest at the rate provided in the Note, and all other charges and fees, including attorneys' fees and costs as set forth in the Note & Security Agreement.

## II.   STATEMENT OF JURISDICTION AND VENUE

This Court has jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Venue of this action is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in this district, the vehicles and other collateral at issue in this case are

situated in this district, and, upon information and belief, Defendants either reside or conduct business in the State of Hawaii.

### III. JURY TRIAL DEMAND

Plaintiff has not filed a Demand for Jury Trial.

### IV. DISCLOSURES

Plaintiff proposes that the making of the initial disclosures required by Federal Rule of Civil Procedure ("FRCP") 26(a)(1) be postponed until 90 days after the Scheduling Conference in this matter in order to allow service of the Defendants to be made.

Plaintiff further proposes that all other disclosures required by FRCP 26 be made in accordance with the deadlines established by the Court at the Scheduling Conference.

### V. DISCOVERY AND MOTIONS

No discovery has been conducted in this matter.

### VI. SPECIAL PROCEDURES

Plaintiff is unaware of the need for any special procedures.

### VII. STATEMENT OF RELATED CASES

While Plaintiff is not a named party in other actions involving Defendants, Plaintiff is aware of the following related cases that may share certain related facts, documents and/or witnesses:

(1) <u>Envy Hawaii LLC v. Volvo Car USA LLC</u>, Civil Number 18-1-0067, filed in the Circuit Court of the First Circuit of the State of Hawaii.

(2) <u>Envy Hawaii LLC v. AGCS Marine Insurance Company</u>, Civil Number 19-1-0144, filed in the Circuit Court of the First Circuit of the State of Hawaii.

## VIII. OTHER MATTERS

Defendants have not yet been served.  On February 20, 2019, Plaintiff filed its Second *Ex Parte* Motion for an Order Extending Time for Serivce of Summons upon Defendants ("<u>Motion for Extension of Time</u>").

DATED:  Honolulu, Hawai'i, February 26, 2019.

     <u>/s/  Christopher P. St. Sure</u>
JOHNATHAN C. BOLTON
CHRISTOPHER P. ST. SURE
DYLAN J. TASCHNER

Attorneys for Plaintiff/Counterclaim Defendant
KIRK McCUNE