IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ENVY HAWAII, LLC, et al.,<br><br>　　　　　　　Defendants. | CIV. NO. 18-00415 DKW-RT<br><br>ORDER GRANTING PLAINTIFF'S SECOND *EX PARTE* MOTION FOR AN ORDER EXTENDING TIME FOR SERVICE OF SUMMONS |

ORDER GRANTING PLAINTIFF'S SECOND *EX PARTE* MOTION
FOR AN ORDER EXTENDING TIME FOR SERVICE OF SUMMONS

Before the Court is Plaintiff's Second *Ex Parte* Motion for an Order Extending Time for Service of Summons Upon Defendants Envy Hawaii LLC d/b/a Windward Motors d/b/a V Rent A Car d/b/a Volvo of Honolulu and Mikhail Borisovich Fedotov, filed February 20, 2019 ("Second Motion").  ECF No. 19.  Plaintiff requests an additional 90 days to effect service upon Defendants Envy Hawaii LLC d/b/a Windward Motors d/b/a V Rent A Car d/b/a Volvo of Honolulu and Mikhail Borisovich Fedotov ("Defendants").

The Court finds the Second Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.

Plaintiff filed its Complaint on October 26, 2018.  On January 29, 2019, Plaintiff filed its first *Ex Parte* Motion for an Order Extending Time for Service of

Summons Upon Defendants Envy Hawaii LLC d/b/a Windward Motors d/b/a V Rent A Car d/b/a Volvo of Honolulu and Mikhail Borisovich Fedotov ("First Motion") and requested a six-month extension to serve Defendants.  The Court denied the First Motion because Plaintiff did not provide enough information for the Court to ascertain whether good cause exists.  ECF No. 18.  Plaintiff also did not explain why a six-month extension was needed.

> The Federal Rules of Civil Procedure ("FRCP") 4(m) provides:
>
> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Based on the additional facts Plaintiff set forth in its Second Motion, the Court finds that Plaintiff has established good cause for its failure to timely effect service.  Plaintiff has been diligently pursuing service of Defendants by (1) investigating Defendants' whereabouts, (2) attempting personal service at three addresses, (3) contacting Defendants' counsel, (4) seeking to serve Defendant via certified mail, and (5) retaining the service of a Private Investigator.  However, as Plaintiff now acknowledges and did not address previously, Plaintiff's First Motion was untimely.

Indeed, "District courts have broad discretion to extend time for service under Rule 4(m)."  Dfaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).  "However, no court has ruled that the discretion is limitless."  Id.

2

Even though Plaintiff claims that its First Motion was "only five days after the ninety (90) day period had lapsed," the rules require the Court to find excusable neglect when a motion is untimely.  "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made <u>after the time has expired if the party failed to act because of excusable neglect</u>."  Fed. R. Civ. P. 6(b)(1)(B) (emphasis added).

The Court examines the following four factors to determine whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  <u>Schrubb v. Lopez</u>, 617 F. App'x 832 (9th Cir. 2015) (citing <u>Lemoge v. United States</u>, 587 F.3d 1188, 1192 (9th Cir. 2009)) (citation omitted).  Failure to consider these four factors is an abuse of discretion.  <u>Dfaw</u>, 473 F.3d at 1041.

Upon consideration of the four factors, the Court finds that Plaintiffs have demonstrated excusable neglect.  There is little, if any, danger of prejudice to Defendants.  The case commenced on October 26, 2018 and is still in infancy.  Further, Plaintiff represents that Defendants have been evading service.  The Court finds that the 90-day extension will not affect proceedings and is appropriate.  Moreover, the delay is not due to Plaintiff's lack of effort.  Plaintiff has been diligent about its efforts to effectuate service.  Finally, although

3

Plaintiff's untimely motion was an oversight, the Court cannot say that Plaintiff did not act in good faith.

## CONCLUSION

The Court hereby GRANTS Plaintiff's Second *Ex Parte* Motion for an Order Extending Time for Service of Summons Upon Defendants Envy Hawaii LLC d/b/a Windward Motors d/b/a V Rent A Car d/b/a Volvo of Honolulu and Mikhail Borisovich Fedotov, filed on February 20, 2019.  Plaintiff is granted a 90-day extension from the original deadline or until April 24, 2019, to serve Defendants.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 1, 2019.



/s/ Rom A. Trader
Rom A. Taylor
Rom A. Trader
United States Magistrate Judge

---

*NextGear Capital, Inc. vs. Envy Hawaii, LLC, et al.;* Civ. No. 18-00415 DWK-RT; Order Granting Plaintiff's *Ex Parte* Motion for an Order Extending Time for Service of Summons