MK LAW LLC
MEGAN K. KAU 8078
820 Mililani Street, Suite 701
Honolulu, Hawai`i 96813
Telephone: (808) 864-8896
Email: mk@megkaulaw.com

Attorney for Defendant
ENVY HAWAII LLC d/b/a
WINDWARD MOTORS d/b/a V
RENT A CAR d/b/a VOLVO OF
HONOLULU and MIKHAIL
BORISOVICH FEDOTOV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,<br><br>Plaintiff,<br><br>ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU and MIKHAIL BORISOVICH FEDOTOV,<br><br>Defendants. | Civil No. 18-00415 DKW-RT<br><br>DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST DEFENDANTS ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU and MIKHAIL BORISOVICH FEDOTOV; CERTIFICATE OF SERVICE |

DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST
DEFENDANTS ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V
RENT A CAR d/b/a VOLVO OF HONOLULU and
<u>MIKHAIL BORISOVICH FEDOTOV</u>

Defendants Envy Hawaii LLC and Mikhail Borisovich Fedotov hereby move to

set aside the July 2, 2019 *Entry of Default Against Defendants Envy Hawaii LLC*

*d/b/a Windward Motors d/b/a V Rent A Car d/b/a Volvo Of Honolulu and Mikhail*

*Borisovich Fedotov*. The default should be set aside because none of the defendants was actually served and under Federal Rules of Civil Procedure Rule 60(b) a final judgment, order, or proceeding may be set aside if there is a mistake, inadvertence, surprise, or excusable neglect.

This motion is brought pursuant to Federal Rules of Civil Procedure Rule 7(b) and is based on Rules 55(c) and 60(b). The motion is supported by any declaration or exhibits that may be submitted in connection with the motion; any evidence, argument, or authorities presented at a hearing on the motion; and the record and files contained herein.

### I.   PRELIMINARY STATEMENT

Under Fed. R. Civ. P. Rule 60(b) the Court may relieve a party from a proceeding if there is a mistake, inadvertence, surprise, or excusable neglect. The Ninth Circuit has noted that "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."[1] Default in this case is a drastic step: Plaintiff seeks a judgment not less than $3,977,273.50 plus interest and fees. And there is no extreme circumstance that warrants a default in that amount. As such, the default should be set aside so that the case may be decided on its merits.

---

[1] *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010).

## II.  FACTUAL BACKGROUND

On October 26, 2018, Plaintiff filed its *Complaint*. Plaintiff was not able to personally serve the defendants because Mr. Fedotov now lives in California.[2] Therefore, the Court gave Plaintiff permission to serve Mr. Fedotov via certified mail, return receipt and marked delivery to 1288 Ala Moana, Apartment 16A, Honolulu, Hawai`i 96814.[3] Mr. Fedotov no longer lives at that apartment nor does he receive mail that is sent there.[4] Plaintiff also published the summons in the *Honolulu Star-Advertiser* in April 2019.[5] But again, Mr. Fedotov no longer lives in Hawai`i and therefore did not see that notice.

After Defendants failed to appear at a July 1, 2019 hearing or submit an answer to the allegations, on July 2, 2019, the Clerk of the Court entered an *Entry of Default Against Defendants Envy Hawaii LLC d/b/a Windward Motors d/b/a V Rent A Car d/b/a Volvo Of Honolulu and Mikhail Borisovich Fedotov*. Defendants now seek to set that aside because they were never actually served.

## III.  LEGAL STANDARD

---

[2] Fedotov Dec.
[3] Declaration of Jonathan C. Bolton [Doc. 32-1] at ¶ 4.
[4] Fedotov Dec.
[5] Declaration of Jonathan C. Bolton [Doc. 32-1] at ¶ 9.

Per Fed. R. Civ. P. Rule 60(b), the Court may grant relief from a final judgment, order, or proceeding if there is a mistake, inadvertence, surprise, or excusable neglect. Rule 60 states in whole as follows:

> Rule 60. Relief from a Judgment or Order
> (a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released, or discharged;it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.
>
> (c) TIMING AND EFFECT OF THE MOTION.
>     (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

>   (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.
>
> (d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:
>   (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>   (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>   (3) set aside a judgment for fraud on the court.
>
> (e) BILLS AND WRITS ABOLISHED. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

## IV.  ARGUMENT

In 2010, the Ninth Circuit reiterated the factors for a court to consider in setting aside a default under Fed. R. Civ. Pro. 55(c) or 60(b):

> The Federal Rules provide that a "court may set aside an entry of default for good cause...." Fed. R. Civ. Pro. 55(c). To determine "good cause", a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.".[6]

---

[6] *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal citations omitted).

Because Defendants were not actually served and because they intend to defend the lawsuit, the default should be set aside.

### A. The default should be set aside because the defendants did not engage in culpable conduct that lead to the default.

Mr. Fedotov was never served and therefore was not aware of the Complaint filed herein. Plaintiff served the defendants by certified mail to a Honolulu address.[7] Then Plaintiff published the summons in a Honolulu newspaper.[8] But Mr. Fedotov lives in California and therefore never received any notice of the lawsuit. Because Mr. Fedotov did not engage in culpable conduct leading to the default, the default should be set aside.

### B. The default should be set aside because the defendants have a meritorious defense.

As noted in the *Complaint*, defendant Envy Hawaii LLC filed a related federal lawsuit (*Envy Hawaii LLC v. Volvo Car USA LLC*, Civ. No. 1:17-cv-00040-HG-RT) and a related state lawsuit (*Envy Hawaii LLC v. Volvo Car USA LLC*, Civ. No. 1CC18100006). Trial in that federal case is scheduled for December 3, 2019 and trial in that state case is scheduled for April 6, 2020. In both cases, Envy alleges that Volvo breached its agreement with Envy, which if true is the basis for the

---

[7] Declaration of Jonathan C. Bolton [Doc. 32-1] at ¶ 4.
[8] *Id*. at ¶ 9.

allegations contained in this lawsuit. As such, Defendants have a meritorious defense that they should permitted to litigate and the default should be set aside.

### C. The default should be set aside because reopening the default will not prejudice the plaintiff.

The default was entered only 56 days ago, and a default judgment has not yet been entered. As such, setting aside the default will not prejudice Plaintiff.

## V. CONCLUSION

For the reasons stated herein, the default against the defendants should be set aside.

DATED: Honolulu, Hawai`i, August 27, 2019.

    /s/ Megan K. Kau
MEGAN KAU
Attorney for Defendants
ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU and MIKHAIL BORISOVICH FEDOTOV