MK LAW LLLC
Megan K. Kau 8078
820 Mililani Street, Suite 701
Honolulu, Hawai`i 96813
Phone:  (808) 864-8896
Email:  mk@megkaulaw.com

Attorney for Defendants
ENVY HAWAII LLC d/b/a
WINDWARD MOTORS d/b/a V
RENT A CAR d/b/a
VOLVO OF HONOLULU and
MIKHAIL BORISOVICH FEDOTOV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‛I

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ENVY HAWAII LLC d/b/a<br>WINDWARD MOTORS d/b/a V<br>RENT A CAR d/b/a<br>VOLVO OF HONOLULU and<br>MIKHAIL BORISOVICH FEDOTOV,<br><br>Defendants. | Civil No. 18-00415 DKW-RT<br><br>DEFENDANTS' ANSWER TO COMPLAINT; CERTIFICATE OF SERVICE |

DEFENDANT'S ANSWER TO COMPLAINT

Defendants ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V

RENT A CAR d/b/a VOLVO OF HONOLULU ("Envy") and MIKHAIL

BORISOVICH FEDOTOV ("Fedotov"), by and through their attorney, Megan K.

Kau, Esq., hereby submit their answer to Plaintiff NEXTGEAR CAPITAL, INC.'s ("Plaintiff") *Complaint*, filed herein on October 26, 2018 ("Complaint"), as follows:

### FIRST DEFENSE

1. The Complaint fails to state a claim against Envy and Fedotov upon which relief can be granted.

### SECOND DEFENSE

2. Envy and Fedotov are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 3, 4, 7, 12, 17, 19, 20, 21, 23, 24, 33, 37, 38, 39, 41, 48, 49, 50, 52, 53, 54, and 55 of the Complaint and therefore deny the same.

3. In response to paragraph 1 of the Complaint, Envy and Fedotov admit that Envy was previously the sole Volvo car dealership in Hawai`i, that it is no longer a Volvo car dealership, and that Plaintiff made loans to Envy in connection with Envy's business operations. Envy and Fedotov are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 1, and on that basis, deny the same.

4. Envy and Fedotov admit the allegations in paragraph 5, 22, 25, 26, and 27 of the Complaint.

5. In response to paragraphs 6 and 46 of the Complaint, Envy and Fedotov

admit that at certain times, Fedotov resided in Hawai`i, was the sole member of Envy, and has acted as a manager of Envy.  Envy and Fedotov are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraphs 6 and 46, and on that basis, deny the same.

6. In response to paragraph 8 and of the Complaint, Envy and Fedotov admit that Fedotov has at times resided in the State of Hawai`i, and that they have conducted business in the State of Hawai`i.  Envy and Fedotov are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 8, and on that basis, deny the same.

7. In response to paragraphs 9, 10, 11, 13, 14, 18, and 47 of the Complaint, Envy and Fedotov admit that Envy and/or Fedotov entered into and signed various agreements with Plaintiff.  Envy and Fedotov are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in those paragraphs, including the content and legal implications of the agreements identified in paragraphs 9, 10, 11, 13, 14, 18, and 47, and on that basis, deny the same.

8. In response to paragraph 15 of the Complaint, Envy and Fedotov admit that Envy was experiencing adverse financial conditions in early 2017.  Envy and

Fedotov are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 15, and on that basis, deny the same.

9. Envy and Fedotov deny the allegations contained in paragraphs 16, 28, 30, 31, 32, 34, 35, 42, 43, and 44 of the Complaint.

10. In response to paragraphs 29, 36, 40, 45, and 51 of the Complaint, Envy and Fedotov incorporate by reference their responses to the paragraphs referenced therein, as though fully set forth herein.

### THIRD DEFENSE

11. Envy and Fedotov deny any and all allegations contained in the Complaint which are not specifically admitted herein, including, but not limited to the allegations in the Prayer for Relief, and all other allegations not previously addressed in this Answer.

### FOURTH DEFENSE

12. Plaintiff is barred from maintaining this action against Envy and Fedotov based upon the applicable statute of limitations and/or statute of repose.

### FIFTH DEFENSE

13. Plaintiff is barred from maintaining this action against Envy and Fedotov by the absence of damages sustained by Plaintiff, and/or its failure to mitigate its damages.

### SIXTH DEFENSE

14. Plaintiff is barred from maintaining this action against Envy and Fedotov by reason of its own negligence or other wrongful conduct.

### SEVENTH DEFENSE

15. If Plaintiff sustained any of the injuries and damages alleged, such injuries and damages were proximately caused by persons or entities over which Envy and Fedotov had no control, or who were acting outside their scope of employment and/or agency with Envy and/or Fedotov.  Envy and Fedotov did not proximately cause Plaintiff's alleged injuries.

### EIGHTH DEFENSE

16. The Complaint is further barred by the following affirmative defenses: knowledge; acquiescence; consent; collateral estoppel; release; waiver; res judicata; lack of privity; lack of standing; accord and satisfaction; estoppel; waiver and laches; payment and release/novation; parole evidence rule; unconscionability; performance/substantial performance; unclean hands; and assumption of risk.

### NINTH DEFENSE

17. Plaintiff failed to join parties indispensable under Rule 19, of the Federal Rules of Civil Procedure.

### TENTH DEFENSE

18. Envy and Fedotov give notice that they have no duty, and accordingly are

not liable for any damages to Plaintiff that may have resulted from any acts committed by others that may have given rise to the alleged damages suffered by Plaintiff.

### ELEVENTH DEFENSE

19. Envy and Fedotov intend to rely upon the affirmative defense that their liability is contractually limited.

### TWELFTH DEFENSE

20. Envy and Fedotov intend to rely upon the defense of failure to exhaust alternative dispute remedies.

### THIRTEENTH DEFENSE

21. Envy and Fedotov intend to rely upon the defense that Plaintiff failed to satisfy conditions precedent.

### FOURTEENTH DEFENSE

22. Envy and Fedotov give notice that some or all of the claims set forth in the Complaint are barred, in whole or in part, by the breach, default, or other failure of Plaintiff to observe and/or perform all of its obligations under the applicable contracts.

### FIFTEENTH DEFENSE

23. Envy and Fedotov affirmatively deny their fault in any way with respect to claims alleged in and issues raised in the Complaint and, therefore, are not liable to

Plaintiff for any damages prayed for in the Complaint. Envy and Fedotov hereby give notice that they intend to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rules 8(c), 9, and 12 of the Federal Rules of Civil Procedure and they will seek leave to amend this Answer to include and allege those defenses during the course of discovery or trial of this action.

WHEREFORE, Envy and Fedotov pray that:

(a)  This Court dismiss Plaintiff's Complaint with prejudice;

(b)  This Court award Envy and Fedotov their attorneys' fees, costs, and expenses, pursuant to law; and

(c)  This Court award such other and further relief as it deems just and equitable.

DATED:  Honolulu, Hawai`i, September 20, 2019

/s/ Megan K. Kau
MEGAN K. KAU
Attorney for Defendants
ENVY HAWAII LLC d/b/a
WINDWARD MOTORS d/b/a V
RENT A CAR d/b/a
VOLVO OF HONOLULU and
MIKHAIL BORISOVICH FEDOTOV