GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHNATHAN C. BOLTON        9650-0
   jbolton@goodsill.com
CHRISTOPHER P. ST. SURE   10001-0
   cstsure@goodsill.com
RACHEL A. ZELMAN            10051-0
   rzelman@goodsill.com
First Hawaiian Center
999 Bishop Street, Suite 1600
Honolulu, Hawai'i 96813
Telephone: (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Plaintiff
NEXTGEAR CAPITAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,<br><br>              Plaintiff,<br><br>  vs.<br><br>ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU and MIKHAIL BORISOVICH FEDOTOV,<br><br>            Defendants. | Civil No. 1:18-cv-00415-DKW-RT<br><br>JOINT RULE 26(F) REPORT OF PARTIES' PLANNING MEETING; CERTIFICATE OF SERVICE<br><br>Scheduling Conference<br>Date:  October 30, 2019<br>Time:  9:00 a.m.<br>Judge:  Hon. Rom A. Trader |

**JOINT RULE 26(F) REPORT OF PARTIES' PLANNING MEETING**

      Plaintiff NEXTGEAR CAPITAL, Inc. ("Plaintiff") and Defendants

ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a

7745511.3

VOLVO OF HONOLULU ("Envy") and MIKHAIL BORISOVICH FEDOTOV ("Fedotov") (collectively, "Defendants") jointly submit this Report of the Parties' Planning Meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.1(b) of the Local Rules of the United States District Court for the District Court of Hawaiʻi ("Local Rules").  The parties report as follows.

**I.     SHORT STATEMENT OF NATURE OF THE CASE**

This case concerns NextGear's remedies for Defendants' alleged failure to comply with the terms of certain loan agreements and a related personal guarantee with NextGear, including Defendants' failure to repay the amounts due thereunder.  Defendants, on the other hand, deny all wrongdoing.

Envy is the former owner of a recently defunct Volvo car dealership in Honolulu.  Until its closure in mid-December 2017, Envy was the sole licensed Volvo dealer in the State of Hawaiʻi.  NextGear is a floorplan lender that provides loans to automotive dealers to acquire and retain motor vehicle inventory for their lots.  From 2015 through 2017, NextGear made inventory-specific loans so Envy could purchase new vehicles from its original equipment manufacturer, Volvo Car USA LLC ("Volvo").  In addition, NextGear financed Envy's acquisition of used vehicle inventory, rental inventory, and the retention of trade-ins.

NextGear holds a first-priority, perfected security interest in substantially all assets of Envy, including all of the motor vehicle inventory,

equipment, parts, and general intangibles.  Just like a typical floorplan relationship, Envy was contractually required to repay NextGear, in its entirety, for all loan advances made for a specific vehicle upon the earlier of the following:  (a) Envy receiving proceeds from the sale of the vehicle; or (b) in the case of a new vehicle, 364 days from flooring, or (c) in the case of used vehicle, 150 days from flooring.  Fedotov, the sole member of Envy, is liable for the entire indebtedness due and owing to NextGear pursuant to his individual guaranty.

## II.     JURY TRIAL DEMAND

Plaintiff and Defendant have not filed any demand for jury trial.

## III.    DISCOVERY PLAN

Pursuant to FRCP Rule 26(f)(3), the parties' views and proposals on a discovery plan were discussed at the Parties' Planning Meeting:

### A.     Initial Disclosures

The parties agreed to exchange the information required by FRCP Rule 26(a)(1) and Local Rule 26.1(a) on or by Wednesday, November 13, 2019, (i.e., 14 days after the Rule 16 Scheduling Conference on October 30, 2019).

### B.     Scope and Timing of Discovery

The parties discussed the expected subject matters of discovery.  The parties intend to conduct customary discovery on the claims and defenses, and will attempt to resolve any discovery disputes among themselves before bringing them

before the Court.

The parties agreed that the Court should set other discovery deadlines pursuant to the Court's normal practice and schedule at the upcoming Rule 16 Scheduling Conference.

### C. Electronic Discovery

The parties discussed the exchange of electronically stored information ("ESI") and do not anticipate any issues concerning the discovery of any ESI that will require the intervention of the Court. If applicable, the parties agreed to work together to produce ESI in a mutually acceptable format.

### D. Privilege

At this time, the parties do not anticipate any unusual issues concerning claims or privilege or work product. If a stipulated protective order is deemed to be necessary, the parties will work cooperatively on a stipulated protective order.

### E. Limitations on Discovery

At this time, the parties do not anticipate any need for changes in the limitations on discovery imposed under the FRCP.

### F. Other Orders

The time to join other parties, amend the pleadings, complete discovery, and file motions under Rule 16(b) should be set by order at the Rule 16

Scheduling Conference pursuant to the Court's normal practice and schedule, the FRCP, and the Local Rules.

## IV. OTHER MATTERS

The parties discussed alternative dispute resolution options. The parties are prepared to consider this matter further and discuss options at the Rule 16 Scheduling Conference.

DATED: Honolulu, Hawai'i, October 23, 2019.

/s/ Johnathan C. Bolton
JOHNATHAN C. BOLTON
CHRISTOPHER P. ST. SURE
RACHEL A. ZELMAN

Attorneys for Plaintiff
NEXTGEAR CAPITAL, INC.

/s/ Megan K. Kau
MEGAN K. KAU

Attorneys for Defendants
ENVY HAWAII LLC d/b/a WINDWARD MOTORS d/b/a V RENT A CAR d/b/a VOLVO OF HONOLULU and MIKHAIL BORISOVICH FEDOTOV